# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KENNETH L.,[1]

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,[2]

    Defendant.

Case No. 18-cv-04056

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Kenneth L. ("Plaintiff") filed this action pursuant to 42 U.S.C.§ 405(g) for judicial review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act). The parties filed cross motions for summary judgment. For the reasons stated below, Plaintiff's motion for summary judgment [17] is **GRANTED**, and Defendant's motion [22] is **DENIED**. The case is remanded for further proceedings consistent with this opinion.

---

[1] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Andrew M. Saul has been substituted for his predecessor, Nancy A. Berryhill, as the proper defendant in this action. Fed. R. Civ. P. 25(d).

# I. PROCEDURAL HISTORY

On March 10, 2014, Plaintiff applied for SSI, alleging that he became disabled on February 20, 2009 because of paranoid schizophrenia, post-traumatic stress disorder (PTSD), hearing voices, and neck problems. (R. at 123, 146). His application was denied initially on September 4, 2014 and upon reconsideration on July 31, 2015. (*Id.* at 122, 160). After timely requesting a hearing, Plaintiff, represented by counsel, testified before an Administrative Law Judge (ALJ) on April 11, 2017. (*Id.* at 251–52, 44-45). The ALJ also heard testimony from Plaintiff's mother and a vocational expert (VE). (*Id.*).

On August 14, 2017, the ALJ issued an unfavorable decision. (R. at 18–34). Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since March 10, 2014, the disability application date. (*Id.* at 20). At step two, the ALJ found that Plaintiff has the following severe impairments: psychotic disorder NOS; antisocial personality disorder; and schizoaffective disorder. (*Id.*). At step three, the ALJ determined that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of any of the listings enumerated in the regulations. (*Id.* at 21).

The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[3] and determined that Plaintiff has the RFC to perform:

---

[3] Before proceeding from step three to step four, the ALJ assesses a claimant's RFC, which "is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008); 20 C.F.R. § 404.1520(a)(4).

> a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine and repetitive tasks not requiring work at a production rate pace; a low stress work environment where changes are infrequent and gradually introduced; no interaction with the general public and only occasional interaction with supervisors and co-workers.

(R. at 23). Moving to step four, the ALJ noted that Plaintiff had no past relevant work. (*Id.* at 32). At step five, based on Plaintiff's RFC, age, education, work experience, and the Medical Vocational Guidelines (20 C.F.R. Part 404, Subpart P, Appendix 2), the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, such as janitor (300,000 jobs), warehouse worker (130,000 jobs), or laundry laborer (58,000 jobs). (*Id.* at 33). Accordingly, the ALJ concluded that Plaintiff was not under a disability since March 10, 2014, the date he filed his SSI application. (*Id.* at 34).

On April 12, 2018, the Appeals Council denied Plaintiff's request for review. (R. at 1–7). Plaintiff seeks judicial review of the ALJ's decision, which stands as the Commissioner's final decision. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is authorized by § 405(g) of the Social Security Administration (SSA). 42 U.S.C. § 405(g). In reviewing this decision, the Court may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id.* The Court's task is "limited to

determining whether the ALJ's factual findings are supported by substantial evidence." *Id.* (citing § 405(g)). Substantial evidence "must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citation omitted). "We will uphold the ALJ's decision if it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) (internal quotations and citation omitted). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (internal quotations and citation omitted).

Although this Court accords great deference to the ALJ's determination, it "must do more than merely rubber stamp the ALJ's decision." *Scott v. Barnhart,* 297 F.3d 589, 593 (7th Cir. 2002) (internal quotations and citation omitted). "This deferential standard of review is weighted in favor of upholding the ALJ's decision, but it does not mean that we scour the record for supportive evidence or rack our brains for reasons to uphold the ALJ's decision. Rather, the ALJ must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014) (citation omitted). "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (citation omitted).

## III. DISCUSSION

In his request for reversal or remand, Plaintiff makes a number of arguments challenging the ALJ's decision. After reviewing the record and the parties' briefs, the Court is persuaded by Plaintiff's argument that the RFC assessment and corresponding VE hypothetical did not appropriately address Plaintiff's impairments in concentration, persistence, or pace.[4]

The ALJ concluded at step three of her analysis that Plaintiff has moderate difficulties maintaining concentration, persistence, or pace. (R. at 22). The ALJ also gave "significant weight" to state agency psychological consultants, Tyrone Hollerauer, Psy.D. and Thomas Low, Ph.D., both of whom concluded that Plaintiff has moderate limitations in the following areas: (1) maintaining attention and concentration for extended periods; (2) understanding and remembering detailed instructions; (3) carrying out detailed instructions; and (4) working in coordination with and proximity to others without being distracted by them. (R. at 127–130, 138–143). But the ALJ did not adequately address all of these difficulties in the RFC or the hypothetical questions she posed to the VE.

Limiting an RFC to "simple, routine and repetitive tasks not requiring work at a production rate pace; a low stress work environment where changes are infrequent and gradually introduced; no interaction with the general public and only occasional interaction with supervisors and co-workers" does not address the agency consultants' finding that Plaintiff had moderate difficulties *maintaining attention*

---

[4] Because the Court remands on this basis, it does not address Plaintiff's other arguments at this time.

*and concentration for extended periods, understanding and remembering detailed instructions*, or *being distracted by working in proximity with others.*

In the Seventh Circuit, "both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Yurt v. Colvin,* 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto,* 374 F.3d 470, 473–74 (7th Cir. 2004) ("If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record."); *O'Connor-Spinner v. Astrue,* 627 F.3d 614, 619 (7th Cir. 2010); *see also* Social Security Ruling (SSR) 96-5p, at *5 (RFC assessment "is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence"); 20 C.F.R. § 404.1545. "Among the mental limitations that the VE must consider are deficiencies of concentration, persistence, or pace." *Varga v. Colvin,* 794 F.3d 809, 813 (7th Cir. 2015); *see Stewart v. Astrue,* 561 F.3d 679, 684 (7th Cir. 2009) (hypothetical question "must account for documented limitations of 'concentration, persistence, or pace'").

While there is no specific language prescribed for addressing limitations in concentration, persistence, and pace, the Seventh Circuit has "repeatedly rejected the notion that a hypothetical . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Yurt,* 758 F.3d at 858–59; *see O'Connor-Spinner,* 627 F.3d at 620 ("[E]mploying terms like 'simple, repetitive tasks'

on their own will not necessarily exclude from the [VE's] consideration those positions that present significant problems of concentration, persistence and pace"); *Craft v. Astrue*, 539 F.3d 668, 677–78 (7th Cir. 2008) (finding that restricting claimant to unskilled, simple work does not account for his difficulty with memory, concentration, and mood swings); *Moreno v. Berryhill*, 882 F.3d 722, 729–30 (7th Cir. 2018), *as amended on reh'g* (Apr. 13, 2018) (finding that the question posed to the VE which indicated that plaintiff "'can understand, remember, and carry out simple work instructions,' can 'exercise simple work place judgments,' is 'limited to routine work,' and can have 'no more than occasional changes in the work setting'" did not adequately account for plaintiff's moderate limitations in concentration, persistence, and pace).

Notably, the Seventh Circuit has held that "for most cases, the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical [posed to a vocational expert] in order to focus the [expert's] attention on these limitations[.]" *O'Conner-Spinner*, 627 F.3d at 620–21. Exceptions to this general rule exist when the VE has "independently reviewed the medical record or heard testimony directly addressing those limitations." *Id*. at 620. Neither of these exceptions applies here. Nothing in the record suggests that the VE reviewed the medical record or heard testimony addressing Plaintiff's limitations in concentration, persistence or pace.

Similarly, this case does not fall under the exception outlined in *O'Conner-Spinner* where the Seventh Circuit "[has] let stand an ALJ's hypothetical omitting the terms

7

'concentration, persistence and pace' when it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *Id.* at 619. As the Court in *O'Conner Spinner* explained, this exception mainly applies "when a claimant's limitations were stress- or panic- related and the hypothetical restricted the claimant to low-stress work." *Id.* That is not the case here.

While the Seventh Circuit has acknowledged that "in some cases, an ALJ may rely on a doctor's narrative RFC, rather than the checkboxes, where that narrative adequately encapsulates and translates those worksheet observations," *Varga*, 794 F.3d at 816 (*citing Johansen v. Barnhart*, 314 F. 3d 283, 286 (7th Cir. 2002)), here, contrary to Defendant's assertion, the narrative explanations of Drs. Hollerauer and Low do not adequately translate and encapsulate all of the limitations that they previously addressed. Dr. Hollerauer's narrative indicated that Plaintiff "would have difficulty following detailed instructions" and is "limited to simple 1-2 step unskilled tasks." (R. at 130). This explanation does not address Plaintiff's limitations in *maintaining attention and concentration for extended periods*, *understanding and remembering detailed instructions*, or *becoming distracted while working in proximity with others*. (*Id.* at 129–130). Dr. Low's narrative offered the same explanation that Plaintiff "would have difficulty following detailed instructions" and is "limited to simple 1-2 step unskilled tasks" and added that Plaintiff "is able to understand, remember and carry out simple instructions." (R. at 157). This explanation still does not address Plaintiff's limitations in *maintaining attention and concentration for*

8

*extended periods* or *becoming distracted while working in proximity with others*. Moreover, the ALJ did not incorporate Dr. Low's limitation to simple instructions in her RFC; nor did she incorporate either doctors' limitation to simple 1-2 step unskilled tasks. *See DeCamp v. Berryhill*, 916 F.3d 671, 675–76 (7th Cir. 2019) (reversing and remanding where "a narrative explanation translated the limitations identified by doctors in the check-box sections of the forms" but [as here] "the ALJ did not adequately account for the limitations identified by the doctor in the check-box section of the forms.").

For these reasons, the Court finds that the ALJ's hypothetical to the VE failed to account for all of Plaintiff's limitations. Because the ALJ did not account for all of Plaintiff's limitations in his questioning of the VE, it is unclear whether Plaintiff is indeed capable of performing the jobs that the VE proposed. *See Moreno*, 882 F.3d at 729–30 ("The question posed to the vocational expert did not address [plaintiff's] documented limitations in concentration, persistence, and pace. As a result, the vocational expert's assessment of the jobs available to [plaintiff] necessarily is called into doubt, as is the ALJ's conclusion that [plaintiff] is not disabled under the Social Security Act."). Therefore, the ALJ failed to "build an accurate and logical bridge from the evidence to her conclusion" that Plaintiff can work. *Steele v. Barnhart,* 290 F.3d 936, 941 (7th Cir. 2002) (internal quotation omitted). This prevents the Court from assessing the validity of the ALJ's findings and providing meaningful judicial review. *See Scott,* 297 F.3d at 595. As such, the ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall pose a hypothetical question that explicitly

"account[s] for documented limitations of 'concentration, persistence, or pace.'" *Stewart,* 561 F.3d at 684.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment [17] is **GRANTED**, and Defendant's motion [22] is **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is reversed, and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

E N T E R:

Dated: February 7, 2020

*Mary M Rowland*
_____
MARY M. ROWLAND
United States District Judge